# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW LEE KINARD, | : | |
| Petitioner, | : | |
| | : | No. 1:18-cv-01912 |
| v. | : | |
| | : | (Judge Kane) |
| PA STATE ATTORNEY GENERAL, | : | |
| Respondent | : | |

## MEMORANDUM

On October 1, 2018, the Court received and docketed a petition for a writ of habeas corpus (Doc. No. 1), submitted pursuant to 28 U.S.C. § 2254 by pro se Petitioner Matthew Lee Kinard ("Petitioner"). On October 17, 2018, the Court issued an Administrative Order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could: (1) have the petition ruled on as filed—that is, as a § 2254 petition for writ of habeas corpus—but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 3.) Petitioner was warned that his failure to return the Notice of Election Form would result in the Court ruling on his current § 2254 petition as filed. (Id.) As of the date of this Memorandum and corresponding Order, Petitioner has not returned the Notice of Election Form. Accordingly, the Court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice.

**I.    BACKGROUND**

It appears from the petition that on August 31, 2018, Petitioner was convicted of driving under the influence of a controlled substance in York County, Pennsylvania. (Doc. No. 1 at 1.) Petitioner was subsequently sentenced on November 19, 2018. (Id.); see also Commonwealth v. Kinard, CP-67-CR-7716-2017.[1] Petitioner's habeas petition raises the following grounds for relief: (1) insufficient evidence of driving or actual physical control; (2) ineffectiveness of counsel; (3) plausible defense; and (4) violation of Petitioner's constitutional rights. (Doc. No. 1.) It is clear from the face of the petition as well as the state-court docket sheet that Petitioner has filed neither a direct nor collateral appeal with the state court in this matter. On October 1, 2018, prior to being sentenced in state court, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**II.    DISCUSSION**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Based upon the petition and the state-court docket, the Court finds this petition to be unexhausted.

---

[1] In addition to the petition, the Court utilizes the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Petitioner in the Court of Common Pleas of York County. (https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx) (last accessed Jan. 11, 2019). A district court may take judicial notice of state-court records, as well as its own. Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." Alston v. Diguglielmo, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

It is glaringly apparent from the face of Petitioner's petition that he has not exhausted his state-court remedies. As is evident from the petition and the docket of the Court of Common Pleas of York County, Petitioner has filed neither a direct nor collateral appeal in state court. See Commonwealth v. Kinard, CP-67-CR-7716-2017. Petitioner must first invoke "one

complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant his instant claims prior to this Court entertaining the instant habeas petition. See O'Sullivan, 526 U.S. at 845.[2]

Moreover, under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For purposes of the instant petition, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review." The limitations period is also tolled for the "time during which a properly filed application for [s]tate post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the current status of his state proceedings, even on the strictest calculation of the limitations period, Petitioner has time to return to federal court after exhausting his state-court remedies. Accordingly, the Court will dismiss the petition without prejudice to Petitioner's right to refile promptly at the conclusion of his state-court proceedings should he elect to do so. See Myers v. Warden of SCI-Albion, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated

---

[2] The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state courts was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Kozak v. Pa., No. 3:12-cv-1153, 2012 WL 4895519, at *4 (M.D. Pa. Oct. 15, 2012). These extraordinary circumstances are not present here. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process to warrant exemption from the exhaustion rule.

pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

## III.    CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be dismissed without prejudice for his failure to exhaust state-court remedies.